499 So.2d 629 (1986)
Lloyd JUSTIN
v.
CITY OF NEW ORLEANS, Through Its Mayor, the Honorable Ernest N. MORIAL, Jr., XYZ Insurance Company and Five Unknown New Orleans Police Officers.
No. CA-5413.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1986.
Rehearing Denied January 15, 1987.
Writ Denied February 6, 1987.
*630 Victoria L. Bartels, William F. Wessel, Wessel, Bartels & Ciaccio, New Orleans, for plaintiff-appellant.
Thomas P. Anzelmo, McGlinchey, Stafford, Mintz, Cellini & Land, New Orleans, for defendants-appellees.
Before BARRY, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
This appeal arises from an incident which occurred near the intersection of Claiborne Avenue and St. Ann Street in New Orleans on March 27, 1982, at approximately 2:00 a.m. The appellant, Lloyd Justin, and two companions were standing on the sidewalk of St. Ann Street, when an unmarked police car driven by New Orleans Police Department officers Kevin Burns and Clarence Taplin approached the trio. The officers were in street clothes and failed to identify themselves as policemen. When the car came to a halt, one of the officers jumped out and yelled a command at the group, prompting them to flee the scene in opposite directions. During the brief chase that ensued Justin stumbled and fell, sustaining a fracture to his left leg and knee.
In spite of his obvious injuries, Justin was transferred to a marked police cruiser and taken to the Orleans Parish Prison Central Lock-Up. There he was charged with the municipal offenses of resisting a police officer, disturbing the peace, and obstructing a public place. Only then was Justin transferred to Charity Hospital where he underwent surgery on his leg and knee and was hospitalized for two weeks.
On the date of his trial on the municipal charges Justin appeared with counsel. However, none of the police officers involved were present so the trial was continued. When the officers failed to appear on the second trial date, the charges were dismissed. Justin then brought suit against police officers Burns and Taplin and their employer, the City of New Orleans, alleging damages for personal injuries, false arrest, and malicious prosecution.
At a bifurcated trial, the jury found Burns and Taplin negligent for failing to properly identify themselves as police officers and awarded Justin approximately $21,945.00 for the personal injuries and *631 medical expenses that resulted from his fall. This award was reduced to approximately $13,670.00 based on the jury's finding that Justin was forty percent at fault in causing his injuries. The jury also awarded Justin $10,000.00 as damages for false arrest and the malicious prosecution of the three municipal charges against him.
As to the City's liability, the trial judge agreed with the jury on the issues of false arrest and malicious prosecution and awarded Justin $5,000.00 plus $1,000.00 in attorney fees incurred in defending against the municipal charges. However, the judge refused to grant damages for personal injuries because he did not believe the officer's action caused Justin's injuries or that it was necessary for Justin to flee.
We are thus faced with inconsistent findings of fact by the judge and jury. The jury found as a fact that the officer's conduct caused Justin's injuries (or at least 60% of those injuries). The judge however, found that the officers did not cause the injuries at all.
In Thornton v. Moran, 343 So.2d 1065 (La.1977), the Louisiana Supreme Court, faced with a similar conflict, instructed the appellate courts "... to resolve the differences in the factual findings between the jury and the judge ... and to render a single decision based upon the record". In this circuit the following standard has been developed to guide our review of such cases.
On appeal neither trier of fact is entitled to have greater weight accorded to its factual findings. Therefore, it is necessary for the appellate court to make its own independent factual findings based on the record, without according any weight to the factual findings of either the judge or the jury when those findings are inconsistent. Aubert v. Charity Hospital of Louisiana, 363 So.2d 1223 (La.App. 4th Cir.1978), writ denied 365 So.2d 242 (La.1978).
Our independent review of the record convinces us that the trial judge was wrong to conclude that the officers did not cause Justin's injuries because his flight was "unnecessary".
To characterize Justin's flight as unnecessary presupposes that he knew the plain-clothesmen were police officers and thus should have had no reasonable apprehension of danger as they approached him. This is an erroneous assumption. Under the circumstances of this case Justin could not have known that it was unnecessary to flee since Burns and Taplin did not identify themselves as police officers. The record shows that the incident occurred in a high crime neighborhood at 2:00 a.m. and that Justin ran when he heard an unknown man shout an aggressive command as he emerged from an unmarked police car. Given these facts, we cannot agree that Justin's flight from what he reasonably believed was potential danger was an unnecessary act. It was perfectly reasonable for Justin to flee from an encounter with unknown men who suddenly emerged from a car cursing and demanding that he come to them.
We also disagree with the trial court's conclusion that the risk which injured Justin was outside the scope of the appellants duty as police officers. A police officer has a duty to perform his function with due regard for the safety of all citizens who will be affected by his actions. His authority must at all times be exercised in a reasonable fashion and he must act as a reasonably prudent man under the circumstances. Prattini v. Whorton, 326 So.2d 576 (La.App. 4th Cir.1976).
This duty is breached when an officer fails to announce his presence and identity or does not make sure that this announcement is heard and understood. London v. Ryan, 349 So.2d 1334 (La.App. 1st Cir.1977), Cheatham v. City of New Orleans, 378 So.2d 369 (La.1980). In our opinion, it is particularly important for a police officer to identify himself where, as here, the officer is in street clothes and is traveling in an unmarked car. In such a case there is no way for a citizen to know that he is being confronted by a policeman unless the officer informs him of that fact.
The risk that a citizen, confronted by a plain clothes policeman who does not *632 identify himself will become apprehensive and attempt to avoid the encounter is clearly within the scope of the officer's duty to exercise reasonable care. This is particularly true in this case where the encounter occurred at 2:00 a.m. in a high crime neighborhood. The officers' failure to identify themselves in this situation was negligent and this negligence is what caused Justin's injuries. The trial judge's ruling to the contrary is therefore reversed.
Our review of the record also convinces us that the jury erred by concluding that Justin was 40% at fault. As discussed earlier in this opinion, Justin's decision to run was reasonable under the circumstances. Moreover, there is no evidence in the record to support a finding that Justin's conduct in fleeing fell below the standard of care which a reasonable man under like circumstances would have exercised. The mere fact that he fell in the dark while running to escape an unknown danger does not make Justin negligent and the jury erred by concluding otherwise.
Finally, we have reviewed the damage awards made by the judge and jury and find that the amounts awarded by the jury were adequate to compensate Justin. The $10,000.00 awarded for false arrest and malicious prosecution while somewhat high, does not appear to be an abuse of discretion. Moreover, the conclusion of both judge and jury that appellants were guilty of false arrest and malicious prosecution was not assigned as error, and has not been briefed to this court, nor have appellants briefed or challenged the amount of damages awarded. Under Rule 2-12.4 of the Uniform Rules of the Court of Appeal, these issues are deemed abandoned. Under these circumstances we will not disturb the jury's findings on this issue.
We also feel that the jury's award of $21,945.00 was adequate to compensate Justin for his personal injuries. The record reveals that Justin was hospitalized for approximately two weeks during which time he underwent surgical reduction of the fracture of his leg. He was discharged and remained on crutches for approximately six months. Justin was fortunate in that his leg appears to have healed well with a minimum of pain or residual disability. He has returned to work and is able to perform his job satisfactorily. He has also resumed social activities such as dancing. Given these facts, we find the jury's award to be a reasonable approximation of his damages. However, because we do not find Justin to have been contributorily negligent we do not reduce this award as the jury did initially.
For the foregoing reasons we affirm the judgment finding the City of New Orleans and Officers Burns and Taplin liable to Justin for false arrest and malicious prosecution. However, the judgment is amended to hold the City and the officers liable in solido in the amount of $10,000.00. The trial court's judgment denying Justin recovery for personal injuries arising out of the officers' negligent failure to identify themselves is reversed as is the jury's finding that Justin was contributorily negligent in running from the officers. The judgment finding Burns and Taplin liable for Justin's personal injuries is amended to hold the City and the officers liable in solido in the amount of $21,945.00.
Costs of this appeal are to be paid by appellants.
AFFIRMED IN PART REVERSED IN PART AND AMENDED.